UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAWAN KUMAR,<br><br>    Petitioner,<br><br>    v.<br><br>MINGA WOFFORD, et al.,<br><br>    Respondents. | No. 1:26-cv-01391-DAD-CSK<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

    This matter is before the court on petitioner's motion for a temporary restraining order. (Doc. No. 2.) Respondents filed their opposition thereto on February 18, 2026. (Doc. No. 7.)

    Petitioner first entered the United States on April 9, 2019, was removed on July 16, 2019, and re-entered the United States on May 2, 2023. (Doc. No. 7-1 at 3.) Petitioner's final removal order was reinstated on May 5, 2023. (*Id.*) Petitioner also appears to have been released from detention in May 2023. (Doc. No. 7-2 at 3.) On January 13, 2026, petitioner received instructions to report in person to the Stockton Immigration and Customs Enforcement ("ICE") Office. (*Id.*) Petitioner reported as instructed on January 15, 2026. (*Id.*) Petitioner was interviewed by an ICE Deportation Officer for approximately 30 minutes regarding alleged violations of his release conditions, which included three missed biometric check-ins and three missed virtual check-ins. (*Id.*) Petitioner explained during this interview that some of the alleged

violations were because he drank too much and stayed at a friend's house, and for at least one of the missed home virtual check-ins, he did not know he needed to be at home for the check-in because that was not explained to him. (*Id.* at 5.) Following the interview, petitioner was detained for the violations of the conditions of his release. (*Id.* at 3.)

Noncitizens subject to final removal orders who have previously been removed and reenter the United States without authorization are subject to detention pursuant to 8 U.S.C. § 1231, even when they apply the for withholding of removal. *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021) (holding that § 1231, not § 1226, governs in such situations). As one district court has recently explained:

> A noncitizen ordered removed must be removed "from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). . . . If removal is not effectuated during this period, "the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." *Id*. § 1231(a)(3). Certain categories of removable noncitizens may be detained beyond the removal period, as delineated in section 1231(a)(6), so long as their detention comports with principles of due process. *See Zadvydas*, 533 U.S. at 689, 701 (holding that due process requires reading in an "implicit limitation" on the duration of detention under § 1231(a)(6) and adopting a "presumptively reasonable period of detention" of up to six months).
>
> Once a noncitizen is released pursuant to section 1231(a)(3), their release may be revoked in accordance with federal regulations.

*Shameyan v. Bondi, et al.*, No. 5:26-cv-00358-SPG-AGR, 2026 WL 330684, at *4 (C.D. Cal. Feb. 5, 2026). Here, petitioner is subject to a final removal order that was reinstated on May 5, 2023. (Doc. No. 7-2 at 3.) Petitioner is well outside the 90-day removal period. Therefore, the court finds that the applicable detention authority in this case is § 1231(a)(6).

A noncitizen subject to a final removal order may be re-detained if he or she "violates any conditions of release." 8 C.F.R. § 241.13(i)(1); 8 C.F.R. § 241.4(*l*)(1). When release is revoked, the noncitizen "will be notified of the reasons for revocation of his or her release" and be afforded an "initial informal interview" so that he or she may have an opportunity to respond to "the reasons for revocation." 8 C.F.R. § 241.13(i)(3); 8 C.F.R. § 241.4(*l*)(1). If the noncitizen remains detained their detention will normally be reviewed "within approximately three months

/////

after release is revoked." 8 C.F.R. § 241.4(*l*)(3). Additionally, he or she may request a review of his or her detention six months after "the last denial of release." 8 C.F.R. § 241.13(j).

It appears from the record before the court that ICE complied with the regulations governing re-detention of noncitizens who are released while subject to a final removal order because petitioner was notified of the reasons for the revocation of his release and was provided an informal interview to allow him to contest the alleged violations. (Doc. No. 7-2 at 3.) Petitioner argues that his procedural due process rights were violated because he was re-detained without a pre-deprivation hearing. However, "where a noncitizen is re-detained under either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13, courts have declined to affirmatively impose a pre-deprivation hearing requirement. . ." *J.R.M.J. v. Wofford*, No. 1:25-cv-01567-DC-SCR, 2025 WL 3295593, at *6 (E.D. Cal. Nov. 26, 2025) (collecting cases). Petitioner has not cited to, and the court has not identified, any authority which would support requiring a pre-deprivation bond hearing when ICE has complied with the relevant regulations.[1]

The court notes that other district courts have consistently found ICE's failure to follow its own regulations renders the petitioner's re-detention unlawful. *See Hashemi v. Noem*, No. 2:25-cv-10335-HDV-SR, 2025 WL 3468694, at *6 (C.D. Cal. Nov. 19, 2025) ("These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful."); *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) (collecting cases). However, the court is unable to say on the limited record currently before it that ICE has failed to follow its own regulations in re-detaining petitioner. *See Singh v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. 2:24-cv-00705-RSL-TLF,

---

[1] Petitioner cites to a multitude of cases in which courts have ordered pre-deprivation bond hearings. However, those cases are not applicable in this instance because the petitioners in those cases were not subject to final removal orders and no alleged changed circumstances justified their re-detention. *See e.g. Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025) (where the petitioner was re-detained absent any alleged change in circumstances and the court ordered her immediate release and a pre-deprivation bond hearing); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1096–97 (E.D. Cal. 2025) (where the parties agreed petitioner was subject to detention pursuant to § 1225(b)(1)(B)(ii) and the court ordered a post-deprivation bond hearing); *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *1, 4 (N.D. Cal. June 14, 2025) (where the government did not allege any change in circumstances that would have justified the petitioner's re-detention and the court ordered the petitioner's immediate release).

2025 WL 746295, at *8 (W.D. Wash. Feb. 14, 2025), *report and recommendation adopted,* No. 2:24-CV-00705-RSL-TLF, 2025 WL 745629 (W.D. Wash. Mar. 7, 2025) (finding that the petitioner's detention was statutorily authorized in part because ICE followed its regulations and determined petitioner posed both a danger and a flight risk if released). The court is unable to find on this limited record now before it that petitioner is likely to succeed on the merits of his procedural due process claim.

Petitioner next argues that his detention is a violation of substantive due process because he is neither a flight risk or a danger to the community. (Doc. No. 2 at 13.) Respondents argue in opposition that petitioner's detention is not indefinite because it will conclude once his application for asylum is decided. (Doc. No. 7 at 4.)

The Supreme Court has previously held that noncitizens pending withholding of removal proceedings and detained pursuant to § 1231(a)(6) are not entitled to "bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022) (where it appears the noncitizen was detained in compliance with the agency's regulations). The Supreme Court declined to consider in *Arteaga-Martinez* whether due process required a bond hearing when the petitioner's detention under such circumstances became prolonged because that argument had not been considered by the courts below. *Id.* at 583.

Here, petitioner has not alleged that his detention has become prolonged. Rather, petitioner asks the court to evaluate whether he is a danger to the community or a flight risk. Based on the decision in *Arteaga-Martinez*, it is not at all clear to this court that petitioner is entitled to such a review by this court. Further, even assuming *arguendo* that this court has jurisdiction to determine whether petitioner poses a flight risk or a danger to the community, a question which neither party has addressed in their briefing, petitioner has not provided sufficient evidence in support of his motion for a temporary restraining order to rebut the agency's implied finding that he poses a danger to the community and/or a flight risk based on the violations of the conditions of his release. (Doc. No. 7-2 at 3.) The evidence submitted by petitioner in this regard

1 is limited to copies of his employment authorization card, his driver's license, and a letter of
2 support from a community member.  (Doc. No. 2-3 at 4–8.)  Petitioner does not provide
3 evidentiary support, such as a declaration, for the multiple assertions he makes in his argument
4 regarding his community ties and lack of criminal history.  (Doc. No. 2 at 15–16.)  The court
5 declines to find on this limited record that petitioner is likely to succeed on the merits of his
6 substantive due process claim.

7     Because petitioner has not carried his burden of establishing that he is likely to succeed on
8 the merits of his claims, the court need not consider the other *Winter* factors.  *California v. Azar*,
9 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important'
10 factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.")
11 (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

12     Accordingly, for the reasons stated above, petitioner's motion for a temporary restraining
13 order (Doc. No. 2) is DENIED without prejudice.  As to the pending petition for habeas relief,
14 this case is referred to the assigned magistrate judge.

15     IT IS SO ORDERED.

16 Dated:  **March 12, 2026**
17                                 DALE A. DROZD
                                UNITED STATES DISTRICT JUDGE