UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAWAN KUMAR (A-201-424-783),<br>Petitioner,<br>v.<br>MINGA WOFFORD, Facility Administrator of Mesa Verde Detention Center, et al.,<br>Respondents. | No. 1:26-cv-01391 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Pawan Kumar (A-201-424-783), a native and citizen of India, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). On March 12, 2026, the district court denied petitioner's motion for a temporary restraining order and referred this matter to the assigned magistrate judge for further proceedings. For the reasons that follow, the Court recommends that the petition be denied.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). Petitioner filed a verified habeas petition. (ECF No. 1 at 20.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

## I. BACKGROUND

The factual and procedural background previously presented in the district judge's March 12, 2026 order is incorporated herein. (See ECF No. 8.) This section provides updates since this order.

On March 12, 2026, the district court denied petitioner's motion for a temporary restraining order and referred this matter to the assigned magistrate judge for further proceedings. (ECF No. 8.) In response to this Court's order setting a merits briefing schedule, respondents filed a motion to dismiss the petition on March 23, 2026. (ECF No. 10.) Petitioner filed his response to the motion to dismiss on April 10, 2026. (ECF No. 13.) Briefing is complete. (See Docket.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a

petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## III. DISCUSSION

The district court denied petitioner's motion for a temporary restraining order because he failed to carry his burden to establish that he is likely to succeed on the merits of his procedural due process and substantive due process claims. (ECF No. 8 at 5.) The district court found that the applicable detention authority in this case is 8 U.S.C. § 1231(a)(6) where petitioner is subject to a final removal order that was reinstated on May 5, 2023 (ECF No. 7-2 at 3) and petitioner is well outside the 90-day removal period. (ECF No. 8 at 2.) The district court concluded that based on the record before the court, ICE "complied with the regulations governing re-detention of noncitizens who are released while subject to a final removal order because petitioner was notified of the reasons for the revocation of his release and was provided an informal interview to allow him to contest the alleged violations." (ECF No. 8 at 3 (citing ECF No. 7-2 at 3).) The district court concluded that it was unable to find petitioner was likely to succeed on the merits of his procedural due process claim where ICE followed its regulations. (ECF No. 8 at 4.) The district court declined to find petitioner was likely to succeed on the merits of his substantive due process claim. (Id. at 4-5.) The district court reasoned that the Supreme Court "previously held that noncitizens pending withholding of removal proceedings and detained pursuant to § 1231(a)(6) are not entitled to 'bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community.'" (Id. (quoting Johnson v. Arteaga-Martinez, 596 U.S. 573, 576 (2022).) The district court also noted it was unclear whether petitioner was entitled to the review sought in this district court to evaluate whether petitioner is a danger or flight risk, and regardless, that "Petitioner does not provide evidentiary support, such as a declaration, for the multiple assertions he makes in his argument regarding his community ties and lack of criminal history." (Id. at 4-5 (citing ECF No. 2 at 15-16) (describing petitioner's evidence submitted: "copies of his employment authorization card, his driver's license, and a letter of support from a community member").)

In his response to the motion to dismiss, petitioner submits three additional letters of support noting that petitioner does not drink, follows a vegetarian diet, and is respectful. (See ECF No. 13 at 5-7.) Petitioner's additional letters and argument do not materially change the district court's findings in its ruling on the motion for a temporary restraining order.

Therefore, this Court recommends that the procedural due process claim be denied based on a finding that ICE "complied with the regulations governing re-detention of noncitizens who are released while subject to a final removal order because petitioner was notified of the reasons for the revocation of his release and was provided an informal interview to allow him to contest the alleged violations." (ECF No. 8 at 3.) This Court further recommends that the substantive due process claim be denied based on Johnson v. Arteaga-Martinez, where the Supreme Court "previously held that noncitizens pending withholding of removal proceedings and detained pursuant to § 1231(a)(6) are not entitled to 'bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community.'" (ECF No. 8 at 4 (quoting Johnson v. Arteaga-Martinez, 596 U.S. at 576).)

**IV. CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be denied.
2. Respondents' motion to dismiss (ECF No. 10) be denied as moot.
3. The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/kuma.1391.26.frs